UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EUGENE MCCAIN

     Plaintiff,

                                             Case No:  16-cv-
vs.                                           HON.


ST. CLAIR COUNTY,
Lt. PETER BIONDO, Sgt. OLEJNIK,
Sgt. LABEAU, Sgt. WITKOWSKI,
Dep. KAMINSKI, Dep. METHANY,
Dep. KACAFIREK, Dep. ROGERS,
Dep. M. ZUEHLKE, Dep. LEMBAS,
Captain BLISS, AMANDA BISHOP, LPN,
BRANDY SCHEIMEN,
KIM KING, and REID STROMBURG, M.D.,
Jointly and Severally,

     Defendants.

_____/
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Fieger, Fieger, Kenney & Harrington P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
tweglarz@fiegerlaw.com
_____/


**<u>COMPLAINT AND JURY DEMAND</u>**


     NOW COMES Plaintiff, EUGENE MCCAIN, by and through his attorneys, FIEGER,

FIEGER, KENNEY & HARRINGTON, P.C, for his Complaint against the above-named

Defendants, states as follows:

## JURISDICTION AND VENUE

That this action arises under the United States Constitution, particularly under the provisions of the Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

1.     That this Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, and also has pendent jurisdiction over all state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims.

2.     That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

3.     That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of, and under the authority of, each individual Defendant's employment with St. Clair County, in the State of Michigan.

4.     That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

## GENERAL ALLEGATIONS

6.     Plaintiff EUGENE MCCAIN incorporates by reference all allegations contained in paragraphs 1 through 5, as if fully stated herein.

7.     At all times relevant to this Complaint, the Plaintiff, EUGENE MCCAIN, was and is a resident of the City of Port Huron, County of St. Clair, State of Michigan, and entitled to all the rights, privileges, and immunities accorded to all U.S. citizens and residents of the City of Port Huron, County of St. Clair, and State of Michigan.

2

8.      At all times relevant to this Complaint, Defendant ST. CLAIR COUNTY was and is a Constitutional and Municipal corporation existing under the laws of the State of Michigan. Defendant ST. CLAIR COUNTY is a political subdivision and it is the body responsible for the control and oversight of its departments, agencies and facilities including the St. Clair County Sheriff Department, which oversees the St. Clair County Jail and those individuals employed there.

9.      At all times relevant, Defendant Lt. PETER BIONDO (hereinafter "BIONDO") was acting under color of law as a Lieutenant / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

10.     At all times relevant, Defendant Sgt. OLEJNIK (hereinafter "OLEJNIK") was acting under color of law as a Sergeant / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

11.     At all times relevant, Defendant Sgt. WITKOWSKI (hereinafter "WITKOWSKI") was acting under color of law as a Sergeant / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

12.     At all times relevant, Defendant Dep. KAMINSKI (hereinafter "KAMINSKI") was acting under color of law as a Deputy / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

13.     At all times relevant, Defendant Dep. METHANY (hereinafter "METHANY") was acting under color of law as a Deputy / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

14. At all times relevant, Defendant Dep. KACAFIREK (hereinafter "KACAFIREK") was acting under color of law as a Deputy / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

15. At all times relevant, Defendant Dep. ROGERS (hereinafter "ROGERS") was acting under color of law as a Deputy / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

16. At all times relevant, Defendant Dep. ZUEHLKE (hereinafter "ZUEHLKE") was acting under color of law as a Deputy / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

17. At all times relevant, Defendant Dep. LEMBAS (hereinafter "LEMBAS") was acting under color of law as a Deputy / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

18. At all times relevant, Defendant Captain BLISS (hereinafter "BLISS") was acting under color of law as a Captain / Corrections Officer for the St. Clair County Jail, located in the County of St. Clair, State of Michigan.

19. At all times relevant, Defendant AMANDA BISHOP, LPN (hereinafter "BISHOP") was acting under color of law, and upon information and belief, was a licensed and practicing nurse employed by the State of Michigan, in the County of St. Clair.

20. At all times relevant, Defendant BRANDY SCHEIMEN (hereinafter "SCHEIMEN") was acting under color of law, and upon information and belief, was a licensed and practicing nurse employed by the State of Michigan, in the County of St. Clair.

4

21.     At all times relevant, Defendant KIM KING (hereinafter "KING") was acting under color of law, and upon information and belief, was a licensed and practicing nurse employed by the State of Michigan, in the County of St. Clair.

22.     At all times relevant, Defendant REID STROMBURG, M.D (hereinafter "STROMBURG") was acting under color of law, and upon information and belief, was a licensed and practicing physician employed by the State of Michigan, in the County of St. Clair, as the primary "jail doctor" at the St. Clair County Jail.

23.     At all times relevant, each individual Defendant identified herein was an employee/agent of the County of St. Clair and/or St. Clair County Jail, engaging in the exercise of a governmental function and conduct within the course, scope and authority of his/her/their employment/agency with the County of St. Clair and/or St. Clair County Jail.

## FACTUAL ALLEGATIONS

24.     Plaintiff EUGENE MCCAIN incorporates by reference all allegations contained in paragraphs 1 through 23, as if fully stated herein.

25.     Beginning on March 2, 2013, Plaintiff EUGENE MCCAIN was held at the St. Clair County Jail as a pretrial detainee, awaiting bond and release after arrest and arraignment.

26.     Upon booking, the St. Clair County Jail administered a medical screening, at which time they were put on notice that Plaintiff EUGENE MCCAIN suffered from a seizure disorder, and required medication (Tegretol) three times per day to treat his serious medical condition.

27.    Plaintiff EUGENE MCCAIN had been a resident at the St. Clair County Jail on multiple occasions, with his most recent prior stay in January 2013, and his files from all previous detentions stated that he required medication to treat his seizure disorder.

28.    Defendants had actual knowledge that Plaintiff EUGENE MCCAIN required medication to treat his serious medical condition.

29.    Plaintiff's medical screening form, completed by Defendants at the time of booking, stated that his last dose of medication had been at 4:00 p.m. on March 2, 2013, prior to his arrest.

30.    At no time subsequent to booking did Defendants administer Plaintiff's prescribed medication, which was required to be administered at 10:00 a.m., 4:00 p.m., and 10:00 p.m.

31.    On March 4, 2013, at approximately 6:25 a.m., Plaintiff EUGENE MCCAIN experienced a seizure (Seizure #1).

32.    Defendants responded to Plaintiff's seizure by moving his location to a cell closer to the officer station to be observed, however, there is no evidence that Defendants actually checked on Plaintiff.

33.    Despite Seizure #1, Defendants failed to administer the necessary medication to Plaintiff.

34.    Later on the aforementioned date, at approximately 2:00 p.m., Plaintiff EUGENE MCCAIN experienced a second seizure (Seizure #2).

35.    Seizure #2 lasted several minutes and required Plaintiff EUGENE MCCAIN to be hospitalized.

36.     Upon admission to Port Huron Hospital, Plaintiff EUGENE MCCAIN was thrashing, non-responsive, non-verbal, and presented with an abrasion to the forehead.

37.     Plaintiff's seizures resulted in the following serious medical conditions and complications:

    a.      Rhabdomyolysis;

    b.       Intracranial bleeding and multiple subarachnoid hemorrhages;

    c.      Compartment syndrome in the left upper extremity requiring surgery, related to rhabdomyolysis;

    d.      Acute kidney injury requiring dialysis, related to the rhabdomyolysis;

    e.      Any and all other injuries not yet known or discovered.

38.     That as a proximate result of the actions and inactions described herein, Plaintiff EUGENE MCCAIN suffered injuries and damages which include, but are not limited to, the following:

    a.   Reasonable medical and hospital expenses;

    b.   Conscious pain and suffering, physical and emotional;

    c.   Compensatory and punitive damages allowed under Michigan and federal law;

    d.   Any and all other damages otherwise recoverable under state and federal law.

7

## COUNT I

## STATE LAW CLAIMS OF GROSS NEGLIGENCE, AND/OR WANTON AND WILLFUL MISCONDUCT – ALL DEFENDANTS

39.     Plaintiff EUGENE MCCAIN hereby restates and re-alleges each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40.     That each and every Defendant had knowledge of each and every factual allegation set forth above, prior to the injuries and damages of Plaintiff EUGENE MCCAIN.

41.     That in taking custody of Plaintiff EUGENE MCCAIN, Defendants owed him a duty to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures of the St. Clair County Jail and / or St. Clair County.

42.     That notwithstanding the aforementioned duties, the aforementioned Defendants took into custody, incarcerated, and monitored Plaintiff EUGENE MCCAIN in an extremely careless, grossly negligent, reckless, and wanton and willful manner without concern whatsoever for his safety and welfare, and failed to tend to Plaintiff's serious medical needs, including, but not limited to, the following particulars by way of illustration and not limitation:

  a.  Failing to order, request, dispense, deliver, ensure receipt of, and administer to, Plaintiff, the medications needed to treat / control Plaintiff's seizure disorder;

  b.  Failing to order, request, dispense, deliver, ensure receipt of, and administer to, Plaintiff, the medications needed to treat / control Plaintiff's seizure disorder, once said serious medical conditions were documented, while Plaintiff was detained at the St. Clair County Jail in March 2013;

  c.  Failing to administer said medications required to treat / control Plaintiff's seizure disorder, following Seizure #1 on March 4, 2015;

8

    d.  Failing to observe / monitor Plaintiff following Seizure #1 on March 4, 2015;

    e.  Failing to or transport Plaintiff to a health care facility following Seizure #1 on March 4, 2015;

    f.  Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or caregiving responsibilities over Plaintiff to ensure Plaintiff's serious medical needs were timely and properly tended to, and to ensure the above breaches / deviations were not committed;

43.    That the above described actions and/or inactions violated MCL § 691.1407 in that they amounted to gross negligence, specifically conduct so reckless as to demonstrate a substantial disregard for whether an injury resulted, to assault and battery, and/or false imprisonment.

44.    That as a direct and proximate result of the aforementioned conduct and omissions of Defendants, Plaintiff EUGENE MCCAIN suffered the injuries and damages as set forth above.

WHEREFORE, Plaintiff EUGENE MCCAIN requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest and attorney fees.

## COUNT II

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC § 1983

### DEFENDANTS BIONDO, OLEJNIK, LABEAU, WITKOWSKI, KAMINSKI, METHANY, KACAFIREK, ROGERS, ZUEHLKE, LEMBAS, BLISS, BISHOP SCHEIMEN, KING, AND STROMBURG

45.    Plaintiff EUGENE MCCAIN hereby restates and re-alleges each and every allegation contained in paragraphs 1 through 44 as if fully stated herein.

46.     That the acts or omissions by all Defendants, as more specifically described above, were unreasonable and performed knowingly, deliberately, indifferently, intentionally, maliciously, and with gross negligence, callousness, and deliberate indifference to Plaintiff's well-being and serious medical needs.

47.     That the Defendants had actual knowledge of Plaintiff's serious medical condition, and consciously disregarded the known danger to Plaintiff EUGENE MCCAIN should his condition go unmanaged.

48.     That the Defendants adopted, promulgated, encouraged, condoned, and/or tolerated official customs, policies, practices, and/or procedures, including such for failing to train and/or supervise its employees/agents, were the motivating force for the individuals Defendants' conduct as described herein, such that same also amounted to a deliberate indifference to Plaintiff's well-being and serious medical needs.

49.     That the conduct of all of the Defendants, individually, deprived Plaintiff EUGENE MCCAIN of his clearly established rights, privileges, and immunities guaranteed him under the United States Constitution as a pretrial detainee, specifically those set forth under the 14th Amendment to same, which are analogous to the 8th Amendment guarantees for convicted persons, as evidenced by the following particulars:

> a.  Failing to order, request, dispense, deliver, ensure receipt of, and administer to, Plaintiff, the medications needed to treat / control Plaintiff's seizure disorder;
>
> b.  Failing to order, request, dispense, deliver, ensure receipt of, and administer to, Plaintiff, the medications needed to treat / control Plaintiff's seizure disorder, once said serious medical conditions were documented, while Plaintiff was detained at the St. Clair County Jail in March 2013;

10

    c.  Failing to administer said medications required to treat / control Plaintiff's seizure disorder, following Seizure #1 on March 4, 2015;

    d.  Failing to observe / monitor Plaintiff following Seizure #1 on March 4, 2015;

    e.  Failing to or transport Plaintiff to a health care facility following Seizure #1 on March 4, 2015;

    f.  Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or caregiving responsibilities over Plaintiff to ensure Plaintiff's serious medical needs were timely and properly tended to, and to ensure the above breaches / deviations were not committed;

50.    That the above described conduct of the Defendants, as specifically set forth above, was the proximate cause of Plaintiff's injuries and damages as more specifically set forth and described above.

WHEREFORE, Plaintiff EUGENE MCCAIN respectfully requests this Honorable Court to enter judgment in his favor and against Defendants, jointly and severally, and award an amount in excess of Seventy Five Thousand ($75,000.00) Dollars exclusive of costs, interest, attorney fees, as well as punitive and exemplary damages.

## COUNT III

## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY – DEFENDANT ST. CLAIR COUNTY

51.    Plaintiff EUGENE MCCAIN incorporates by reference all allegations contained in paragraphs 1 through 51 as if fully stated herein.

52.    ST. CLAIR COUNTY developed and maintained policies or customs establishing deliberate indifference to the Constitutional rights of persons in the county, specifically of those housed in the St. Clair County Jail, which led to the injuries sustained by Plaintiff EUGENE MCCAIN.

11

53.     Defendant ST. CLAIR COUNTY caused the Constitutional violations by virtue of its practice and custom of failing to train, supervise and discipline its law enforcement officials, including the defendants named herein, in the proper standards of care for those housed at the St. Clair County Jail, including Plaintiff EUGENE MCCAIN.

54.     Serious deficiencies exist in the training of law enforcement officials, to the extent that the majority, if not all, did not meet appropriate standards. The aforesaid deficiencies in training were on-going customs, procedures and policy of the Defendant.

55.     This inadequate training and certification of law enforcement officials represented ST. CLAIR COUNTY policy and procedure and demonstrated a deliberate indifference on the part of policy makers of ST. CLAIR COUNTY and their Sheriff's department, to the Constitutional rights of persons held within the County Jail, and were the cause of the violations of Plaintiff's rights as alleged herein.

56.     As a result of the above described polices and customs, law enforcement officials of ST. CLAIR COUNTY, including the defendant officers, Plaintiff EUGENE MCCAIN was deprived of his rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff EUGENE MCCAIN respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, and award an amount in excess of Seventy Five Thousand ($75,000.00) Dollars exclusive of costs, interest, attorney fees, as well as punitive and exemplary damages.

## A JURY TRIAL IS HEREBY DEMANDED

Dated: January 13, 2016

Respectfully submitted,

/s/ Todd. J. Weglarz_____
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
tweglarz@fiegerlaw.com