**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EUGENE MCCAIN,

    Plaintiff,

    v.                                                                     Case No. 16-10112

ST. CLAIR COUNTY, et al.,

    Defendants.

                                             /

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Eugene McCain moves the court to reconsider its July 27, 2017 opinion and order granting summary judgment to Defendants. Because the motion fails to identify a palpable defect by which the court was misled that would have led to a different disposition of the case, *see* E.D. Mich. LR 7.1(h)(3), the court will deny the motion.

First, Plaintiff contends that the court erred in holding that Plaintiff had presented no more than a scintilla of evidence to show that Defendant Nurse Bishop had actually received and read the medical screening form. (Dkt. #85 Pg. ID 2172–74.) In its opinion and order, the court explained that Plaintiff essentially offered evidence to show only that it was Nurse Bishop's pattern and practice to collect and review the forms multiple times during the shift. (Dkt. #81 Pg. ID 2148.) The court explained that simply because pattern and practice evidence is *admissible* does not mean that, standing alone, it is more than a scintilla. (*Id.* at Pg. ID 2147–48.) Dr. Stromberg's testimony reinforcing the existence of the pattern and practice does change the fact that the existence of the

standard practice amounts to no more than a scintilla of evidence that Nurse Bishop actually followed that practice here. The court will draw all *reasonable* inferences in Plaintiff's favor, Sagan v. United States, 342 F.3d 493, 497 (6th Cir. 2003), but, as the court's earlier opinion explained, the chain of inferences required from the mere existence of the practice is not reasonable.

Plaintiff next objects that the court did not address Plaintiff's claim that Defendant Nurses failed to provide adequate care following Plaintiff's first seizure. (Dkt. #85 Pg. ID 2175–76.) The court inaccurately stated in its opinion and order that Plaintiff did not challenge the adequacy of care provided in response to the first seizure. (Dkt. #81 Pg. ID 2145.) Plaintiff's brief in fact argued that "Nurse Bishop's response to Mr. McCain when he suffered his first seizure . . . was also grossly substandard . . ." because "[t]he only thing that Nurse Bishop did was order that Mr. McCain be observed by deputies every 30 minutes." (Dkt. #71 Pg. ID 1170.) But Plaintiff's brief cited to no evidence in the record, relying instead on vague assertions that Plaintiff's witnesses "all agree that Nurse Bishop's actions were grossly substandard." (*Id.*)[1]

Although Plaintiff complains that the court also "did not address this claim as it pertained to Nurses Schieman and King[,]" (Dkt. #85 Pg. ID 2175–76), neither did Plaintiff's briefing. (Dkt. #71 Pg. ID 1171–72.) Plaintiff's briefing made no mention of

---

[1] And regardless of the court's misstatement, Plaintiff's assertion is belied by what Defendants have cited in the record. Nurse Bishop's notes indicate that—in addition to ordering the 30-minute checks—she evaluated Plaintiff, had him moved to a cell closer to the officer's station, and ordered his seizure medication. (Dkt. #63 Pg. ID 483.) Plaintiff's expert Valerie Tennessen acknowledged that these steps were taken. (Dkt. #63 Pg. ID 530.)

Nurses Schieman's or King's response to the first seizure. Moreover, Plaintiff's briefing in this entire section (Dkt. #71 Pg. ID 1171–72) cited no evidence in the record.

The court is under no obligation to search the record beyond the parties' citations. Fed. R. Civ. P. 56(c)(3). Finding no evidence to support the Plaintiff's contention that the Defendant nurses "provided grossly substandard care in response to Mr. McCain's first seizure" (Dkt. #85 Pg. ID 2175), the court has determined that summary judgment as to Nurses Bishop, Schieman, and King was proper.

Plaintiff next contends that the court mistakenly faulted him for not citing evidence in the record in his opposition to summary judgment. (Dkt. #85 Pg. ID 2177–79.) He first objects to the court's conclusion that he cited nothing in the record to support his assertion that Nurse Bishop knew that a seizure disorder is a serious condition. (Dkt. #85 Pg. ID 2177.) Plaintiff points to the "Statement of Underlying Facts" section of his response to summary judgment where he cited a portion of Nurse Bishop's deposition; he claims that in this portion Nurse Bishop admitted that a seizure disorder is a serious condition. (Dkt. #71 Pg. ID 1149.) Any such "admission" in this section of Nurse Bishop's testimony, however, is borne out of Plaintiff's own conclusory statements. Nowhere in this section of Nurse Bishop's testimony does she use or accept the term "serious condition." Plaintiff also points to the depositions of other witnesses that he cited in response to the motion for summary judgment—the court is unclear, however, how statements from other witnesses amount to an admission from Nurse Bishop that a seizure disorder is a serious condition.

Citing the court's opinion (Dkt. #81 Pg. ID 2151), Plaintiff also objects that the court improperly concluded that he cited no evidence in the record to suggest that

3

"Nurse Schieman admitted that a seizure disorder is a serious medical condition, and that stopping medication right away can result in the onset of seizures." (Dkt. #85 Pg. ID 2178.) He contends that the court made the same improper conclusion as to Nurse King. (*Id.*) But the court made no such conclusion in this section of its opinion. Rather, the court determined that the Plaintiff had pointed to no evidence that would "contradict [Nurse Bishop's] statements, echoed by Nurse Schieman and Nurse King, that she would not have believed there to be a substantial risk to Plaintiff's health." (Dkt. #81 Pg. ID 2151.) The court went on to say that "Plaintiff points to no circumstantial evidence to show that any risk of harm to Plaintiff would have been obvious to Defendant LPNs to counter their testimony that they were or would have been unconcerned." (Dkt. #81 Pg. ID 2151.) The court finds that Plaintiff's cited sections in the present motion (Dkt. #85 Pg. ID 2178–79) still fail to contradict or counter these statements.

Finally, Plaintiff contends that the court improperly failed to analyze testimony and affidavits from four witnesses supplied by Plaintiff. (*Id.* at Pg. ID 2179.) But the Plaintiff fails to articulate how the court should have taken that material into account, he fails to explain why that material resulted in the court and parties being misled, and he fails to state how "correcting the defect will result in a different disposition of the case." *See* E.D. Mich. LR 7.1(h)(3).

Plaintiff, in his motion, seems to misunderstand his burden in opposing a motion for summary judgment. As the court noted in its opinion and order granting summary judgment, the movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets that initial burden, "the party opposing the motion then may not 'rely

on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). "[T]he opposing party 'cannot rest solely on the allegations made in [his] pleadings,' but must set forth—by pointing to specific facts—that there is a genuine issue for trial. *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (quoting *Skousen v. Brighton High School*, 305 F.3d 520, 527 (6th Cir. 2002)). On the initial motions for summary judgment, Plaintiff did not meet his burden, as the nonmovant, to demonstrate a genuine issue for trial. He has similarly not done so now.

The court finds no "palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled" that would "result in a different disposition of the case" if corrected. E.D. Mich. LR 7.1(h)(3). Accordingly,

Plaintiff's "Motion for Reconsideration of This Court's July 27, 2017 Opinion and Order Granting Motions for Summary Judgment" (Dkt. #85) is DENIED.

                                                  s/Robert H. Cleland              /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 12, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2017, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522